HONEYWELL, INC., Appellant, v. AETNA CASUALTY & SURETY COMPANY, Respondent.

*No. 231.   Argued September 15, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 499.)

For the appellant there was a brief by *Kohner, Mann & Kailas,* attorneys, and *Robert L. Mann* of counsel, all of Milwaukee, and oral argument by *Robert L. Mann.*

For the respondent there was a brief by *Borgelt, Powell, Peterson & Frauen,* attorneys, and *Thomas N. Klug* of counsel, all of Milwaukee, and oral argument by *Mr. Klug.*

HEFFERNAN, J. The applicable statute provides:

"**289.14 Public works, form of contract, bond, remedy.** (1) All contracts with the state involving $2,500 or more *and all other contracts involving $500 or more for the performance of labor or furnishing materials when the same pertains to any public improvement or public work* shall contain a provision for the payment by the prime contractor of all claims for labor performed and materials furnished, used or consumed in making the public improvement or performing the public work, including, without limitation because of specific enumeration, fuel, lumber, building materials, machinery, vehicles, tractors, equipment, fixtures, apparatus, tools, appliances, supplies, electric energy, gasoline, motor oil, lubricating oil, greases, premiums for workmen's compensation insurance and contributions for unemployment compensation. *A contract* shall not be made unless the prime contractor gives a bond issued by a surety company licensed to do business in this state. The bond shall carry a penalty of not less than *the contract* price, and shall be conditioned for the faithful performance of *the contract* and the payment to every person entitled thereto of all the claims for labor performed and materials furnished under *the contract,* to be used or consumed in making the public improvement or performing the public work as provided in *the contract* and as above specified. The bond shall be approved in the case of the state by the governor, of a county by its district attorney, of a city by its mayor, of a village by its president, of a town by its chairman, of a school district by the director or president and of any other public board or body by the presiding officer thereof. No assignment, modification or change of *the con-*

*tract,* or change in the work covered thereby, or any extension of time for the completion of *the contract* shall release the sureties on the bond. Neither the invitation for bids, nor the person having power to approve the prime contractor's bond, shall require that such bond be furnished by a specified surety company or through a specified agent or broker.

"(2) Not later than one year after the completion of work under *the contract,* any party in interest may maintain an action in his own name against the prime contractor and the sureties upon the bond for the recovery of any damages he may have sustained by reason of the failure of the prime contractor to comply with *the contract* or with *the contract between the prime contractor and subcontractors.* If the amount realized on the bond is insufficient to satisfy all claims of the parties in full, it shall be distributed among the parties pro rata.

"(3) . . . ." (Emphasis supplied.)

We are satisfied that the meaning of the statute is plain and unambiguous. The statute states that any party in interest may maintain an action against the prime contractor and its sureties not later than one year after the completion of work under the contract. It is apparent that the "contract" referred to is the prime contract only, but a cause of action may be commenced within the period of limitations for a prime contractor's breach of his principal contract or of his contract with his subcontractors. The statute of limitations may thus apply to causes of action by different plaintiffs, but the limitation is the same for each cause of action, and the period of limitations is triggered by the completion of the work under the principal contract.

The phrase, "the contract" or "a contract," appears seven times in subsection (1). It is undisputable that the reference therein is to the prime contract. The first sentence of subsection (2) refers to "the contract." It is clear that the "contract" referred to in subsection (2) is the prime contract, the "contract" set forth in the immediately antecedent subsection (1). No other contract is mentioned in subsection (1).

It is impermissible to apply rules of statutory construction to ascertain legislative intent when the legislation is clear on its face. *National Amusement Co. v. Department of Revenue* (1969), 41 Wis. 2d 261, 266, 163 N. W. 2d 625. We conclude that the trial court misinterpreted the statute and failed to give effect to its plain meaning.

Having ascertained the plain meaning, recourse to the legislative history or to the possible effect of the statute in operation is unnecessary.

We conclude that the trial court erroneously sustained the demurrer. The period of limitations commences to run only on the completion of the prime contract.

*By the Court.*—Order reversed, and cause remanded with leave granted for the defendant to respond to the plaintiff's complaint within twenty days following the remand of the record to the trial court.