122 Wis.2d 358 (1984)
361 N.W.2d 722
State of WISCONSIN, DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellant,
v.
LABOR & INDUSTRY REVIEW COMMISSION, John W. Davis, Glen C. Dyke, Edward Friede, Duane H. Golliher, Dennis L. Gunderson, Norman Hovey, Matthew Morrell, Richard C. Olson, John F. Rendall, Elton Hubbard, Steven W. Marty, Daniel F. Bauman, Dennis Bruch, Gordon F. Mael, James Zwick, and Kenneth L. Page, Defendants-Respondents.[]
No. 83-1475.
Court of Appeals of Wisconsin.
Submitted on briefs June 18, 1984.
Decided December 4, 1984.
*359 For the appellant the cause was submitted on the briefs of Barbara Foster Bird, assistant general counsel.
For the respondent Labor and Industry Review Commission the cause was submitted on the brief of Robertamarie Kiley.
For the respondents Edward Friede, Norman Hovey and Kenneth L. Page the cause was submitted on the brief of Kelly, Haus and Katz, William Haus, and John Halla of Madison.
For the respondents the cause was submitted on the brief of Lawton & Cates and Richard V. Graylow of Madison.
Before Foley, P.J.,[1] Dean and Cane, JJ.
FOLEY, P.J.
The judgment in this case entitles several employees of the Wisconsin Department of Transportation to unemployment compensation benefits while they were taking compensatory time off, even though *360 they continued to receive their regular salaries and benefits from the state. The circuit court concluded that it had to defer to the Labor & Industry Review Commission's decision to grant the benefits. It noted, however, that the commission's decision stretches both the letter and the spirit of the Unemployment Compensation Act, ch. 108, Stats. We agree with this assessment of the commission's decision except we conclude that it stretches the Act too far. We therefore reverse the decision.
The defendants are engineers and engineering technicians with the Department of Transportation. They are required to work overtime during the warmer months when the state performs road construction and repair work. By union agreement, the state has the option to pay the defendants cash for this overtime work or to give them compensatory time off. The state gave the defendants compensatory time off.
The defendants were eligible for unemployment compensation benefits during their compensatory time off only if they were unemployed. See sec. 108.02 (18), Stats. If they received "wages" during this time, they were not unemployed. See sec. 108.02 (17), Stats. "Wages" is defined as "every form of remuneration payable for a given period . . . including salaries, commissions, vacation pay . . . and any other similar advantage received from the individual's employing unit . . . ." Section 108.02 (6), Stats.
[1]
A reasonable construction of sec. 108.02 (6) would include the salaries and benefits the defendants received while they were taking compensatory time off. The legislature has not limited its definition of "wages" to the listed forms of payment. It has included vacation pay as a wage, even though the right to a vacation is earned by previous work. Because compensatory time off is similar to a paid vacation, it is appropriate to construe *361 "wages" to include salaries and benefits the defendants received while they were taking compensatory time off. See State v. Engler, 80 Wis. 2d 402, 408, 259 N.W.2d 97, 100 (1977).
[2]
Conversely, the commission's construction of "wages" is not reasonable because it transgresses the purpose of ch. 108. We therefore cannot defer to the commission's construction. See Milwaukee County v. DILHR, 80 Wis. 2d 445, 456, 259 N.W.2d 118, 123 (1977). The purpose of unemployment compensation is to sustain the purchasing power of unemployed workers. It mitigates the economic loss suffered by workers and their families as a result of unemployment. See sec. 108.01 (1), Stats; see also Milwaukee Transformer Co. v. Industrial Commission, 22 Wis. 2d 502, 511, 126 N.W.2d 6, 12 (1964). It aids workers who are "unable to find work because the economy has not provided enough jobs . . . ." Id.
The defendants are not in this class. They had jobs, they received their regular salaries and benefits, and they suffered no economic loss. They got what they bargained for. This cannot be what the legislature "recognized as an urgent public problem, gravely affecting the health, morals and welfare of the people of this state." Section 108.01(1), Stats.
We also cannot defer to the commission's construction because it permits an absurd result. To give the defendants compensation designed to aid the unemployed while they were taking time off work with pay would be absurd. Such a construction must be rejected. See State v. Burkman, 96 Wis. 2d 630, 642, 292 N.W.2d 641, 647 (1980).
[3]
We also reject the commission's conclusion that the salaries and benefits the defendants received while they took compensatory time off were merely deferred cash *362 payments for the overtime they had previously worked. To be deferred cash payments, the defendants had to be entitled to cash payments for their overtime work. The Department of Transportation was not required by contract or by law to pay the defendants in cash for their overtime work. The Fair Labor Standards Act, 29 U.S.C. § 201 (1978), requiring an employer to pay cash for overtime work under certain circumstances does not apply to state governments. National League v. Usery, 426 U.S. 833, 852 (1976). There was therefore no money accrued for disbursement at a later date as in Grandomenico v. Meadow Gold, Unempl. Ins. Rep. (CCH) ¶ 10,-852 (N.Y. Nov. 30, 1981). We need not, in any event, look to the decisions of other jurisdictions in construing our own Unemployment Compensation Act. See Moorman Mfg. Co. v. Industrial Commission, 241 Wis. 200, 207, 5 N.W.2d 743, 746 (1942).
By the Court.Judgment reversed.
NOTES
[] Petition to review denied.
[1] This opinion was circulated and approved before Judge Foley's death.