STATE of Wisconsin, Plaintiff-Appellant,

v.

Richard A. HIRSCH,† Defendant-Respondent.

Court of Appeals

*No. 86–1907–CR. Submitted on briefs April 20, 1987.—Decided June 16, 1987.*

(Also reported in 410 N.W.2d 638.)

† Petition to review denied.

For plaintiff-appellant, there was a brief by *Donald J. Hanaway,* attorney general, and *Christopher G. Wren,* assistant attorney general, of Madison.

For defendant-respondent, there was a brief by *Phillip M. Steans* of *Steans, Skinner, Schofield & Higley,* Menomonie.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. The state appeals an order dismissing an information charging Richard Hirsch with three counts of first-degree sexual assault. Because the information is multiplicitous and therefore violates the constitutional prohibitions against double jeopardy, we affirm.

The state charged Hirsch with three counts of first-degree sexual assault for allegedly having sexual contact with five-year-old A.L.H. in violation of sec. 940.225(1)(d), Stats. The amended criminal complaint specifically alleged that Hirsch touched A.L.H.'s "front butt" or vaginal area (Count I), then her "back butt" or anal area (Count II), and then her "front butt" a second time (Count III). The district attorney issued the information based on the amended complaint.

Hirsch waived his preliminary examination and later moved to dismiss, alleging that the information improperly divided a single offense or course of conduct into three separate offenses. After a motion hearing, the circuit court concluded that the information was indeed multiplicitous and allowed the state the choice of electing to proceed on one combined count or accepting dismissal without prejudice. The district attorney declined to proceed. The state now appeals the resulting dismissal, claiming that the information was constitutionally sound.

This court independently reviews questions of "constitutional" fact, *State v. Woods,* 117 Wis. 2d 701, 715, 345 N.W.2d 457, 465 (1984), that is, those that require "application of constitutional principles to the facts as found ...." *Id.* (quoting *Brown v. Allen,* 344

470

U.S. 443, 507 (1953)). We must therefore determine whether the undisputed facts presented here make the three-count information multiplicitous. *See Woods*, 117 Wis. 2d at 716, 345 N.W.2d at 465.

Multiplicity exists when the defendant is charged in more than one count for a single offense. *State v. Rabe*, 96 Wis. 2d 48, 61, 291 N.W.2d 809, 815 (1980). Multiplicity concerns the question of merger: whether a single criminal episode or course of conduct that contains the elements of more than one distinct offense merges into a single offense. *Harrell v. State*, 88 Wis. 2d 546, 555, 277 N.W.2d 462, 465 (Ct. App. 1979). Multiplicitous charges are impermissible because they violate the double jeopardy provisions of the state and federal constitutions. *Rabe*, 96 Wis. 2d at 61, 291 N.W.2d at 815. "No person for the same offense shall be twice put in jeopardy of punishment." Wis. Const. art. I, sec. 8.

The Wisconsin Supreme Court has set forth a two-pronged test for determining whether a charge is multiplicitous. *See Rabe*, 96 Wis. 2d at 63, 291 N.W.2d at 816; *State v. Eisch*, 96 Wis. 2d 25, 291 N.W.2d 800 (1980); *State v. Tappa*, 127 Wis. 2d 155, 163–64, 378 N.W.2d 883, 886–87 (1985). The court must first determine whether additional offenses are "identical in the law and in fact." *Rabe*, 96 Wis. 2d at 63, 291 N.W.2d at 816 (quoting *State v. Van Meter*, 72 Wis. 2d 754, 758, 242 N.W.2d 206, 208 (1976)). The second prong involves an assessment of the legislative intent concerning the allowable unit of prosecution under the statute. *Rabe*, 96 Wis. 2d at 63, 291 N.W.2d at 816. The overall test is one of fundamental fairness or

prejudice to the defendant. *Eisch,* 96 Wis. 2d at 34, 291 N.W.2d at 805.

Hirsch was charged with three separate counts of sexual contact with a child under sec. 940.225(1)(d), which provides:

> **940.225 Sexual assault. (1) First degree sexual assault.** Whoever does any of the following is guilty of a Class B felony:
>
> . . . .
>
> (d) Has sexual contact or sexual intercourse with a person 12 years of age or younger.

Section 940.225(5)(a), Stats., defines sexual contact as

> any intentional touching by the complainant or defendant, either directly or through clothing by the use of any body part or object, of the complainant's or defendant's intimate parts if that intentional touching is either for the purpose of sexually degrading; or for the purpose of sexually humiliating the complainant or sexually arousing or gratifying the defendant or if the touching contains the elements of actual or attempted battery under s. 940.19(1).

Finally, sec. 939.22(19), Stats., states that

> "Intimate parts" means the breast, buttock, anus, groin, scrotum, penis, vagina or pubic mound of a human being.

The state contends that the information was properly brought in three counts because, although the three counts are concededly identical under the law, each count requires proof of a separate touching. The state's argument implicates the "additional fact" test for multiplicity.

The "additional fact" test is used uniformly in Wisconsin to determine multiplicity. *Rabe,* 96 Wis. 2d at 63, 291 N.W.2d at 816. The test examines "whether each count requires proof of an additional fact which the other count or counts do not." *Id.* (quoting *United States v. Leo,* 406 F. Supp. 1174, 1178 (E.D. Wis. 1976)). "[T]he allegation of substitute facts, all of which furnish the same legal element of the crime, does not result in multiplicitous charges if these facts are either separated in time or are of a significantly different nature in fact." *Eisch,* 96 Wis. 2d at 31, 291 N.W.2d at 803.

The Wisconsin Supreme Court in *Eisch* determined that the four counts of sexual assault charged were not multiplicitous. Eisch was charged separately with four counts of having sexual intercourse without the victim's consent over a period of several hours. While physically and verbally threatening the complainant, Eisch inserted his penis into her vagina, inserted his penis into her anus, forced a beer bottle into her vagina, and forced his penis into her mouth.

Under sec. 940.225(2)(a), Stats., the four acts in *Eisch* were legally identical. The court concluded, however, that the acts were substantially different in fact. Although the assaultive acts occurred over a substantial period of time, this fact alone was not found to be determinative. *Id.* at 34, 291 N.W.2d at 805. Instead, the court relied on the obvious observation that "[e]ach of these methods of bodily intrusion is different in nature and character." *Id.* at 35, 291 N.W.2d at 805. The court also concluded that "[i]n addition to the fact that the crimes are different in nature, it is apparent that each requires a separate volitional act." *Id.* at 36, 291 N.W.2d at 805. Each

separate act "required a new volitional departure in the defendant's course of conduct." *Id.* Because the alleged acts were not factually identical, the court went on to consider the legislatively intended unit of prosecution and ultimately found the information not multiplicitous. *Id.* at 42, 291 N.W.2d at 808.

Similarly, in *Harrell,* this court upheld a conviction for two acts of penis-vagina intercourse as not multiplicitous. The two sexual acts occurred within approximately one hour, but Harrell stopped between the two for a brief conversation with the victim and to search her clothes looking for money. This court concluded that the charges were not multiplicitous because two separate acts of intercourse took place and because Harrell took time to reflect on his actions between the sexual assaults. *Id.* at 560, 277 N.W.2d at 467. The acts were "analytically separated by considerations of fact and time" and thus were not multiplicitous. *Id.*[1]

Here, the acts allegedly committed are not "so significantly different in fact that they may be properly denominated separate crimes ...." *Eisch,* 96 Wis. 2d at 34, 291 N.W.2d at 805. First, the alleged actions are extremely similar in nature and character. Hirsch allegedly committed all three "touchings" with his hand, and two of the three involved the same body part. Hirsch allegedly moved his hand from A.L.H.'s vagina to her anus and back again. Although the

---

[1]As in *Eisch,* the court in *Harrell* went on to consider the legislative intent in designing the sexual assault statute, sec. 940.225, Stats. (1975), and concluded that the charges were not multiplicitous and his conviction proper. *Harrell,* 88 Wis. 2d at 569, 277 N.W.2d at 471.

amended complaint alleges that Hirsch physically turned her over, we cannot say that the touchings were not part of the same general transaction or episode. *See id.*

Second, although the precise time period within which the touchings occurred is not set forth in either the information or the complaint, it is apparent that the episode took no more than a few minutes. There was apparently little, if any, lapse of time between the alleged acts. Given the short time frame, we cannot say that "the defendant had sufficient time for reflection between the assaultive acts to again commit himself." *Harrell,* 88 Wis. 2d at 560, 277 N.W.2d at 467. There was no pausing for contemplation as in *Harrell,* nor was there a significant change in activity as in *Eisch.*

Fundamental fairness dictates that the information charging three counts for this episode be found multiplicitous. "A defendant ought not to be charged, tried, or convicted for offenses that are substantially alike when they are a part of the same general transaction or episode." *Eisch,* 96 Wis. 2d at 34, 291 N.W.2d at 805. Because we conclude that the counts charged are substantially alike in fact, we do not address the legislature's intent concerning sec. 940.225(1)(d).

*By the Court.*—Order affirmed.