STATE of Wisconsin, Plaintiff-Respondent,

v.

Martin M. RICHTER, Defendant-Appellant.†

Court of Appeals

No. 94–1425–CR. *Submitted on briefs September 30, 1994.—Decided November 2, 1994.*

(Also reported in 525 N.W.2d 168.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Mark Lukoff*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Robert J. Jambois*, district attorney.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J.   Martin M. Richter appeals from a judgment of conviction for bail jumping contrary to § 946.49, STATS., and an order denying his motion for postconviction relief. Because we conclude that Richter could be charged with three counts of bail jumping for violating three separate bonds which arose out of a single incident without subjecting him to double jeopardy, we affirm the trial court's judgment of conviction and order denying Richter's motion for postconviction relief.

Detective Kenneth Kopesky stated in the complaint that Terry Sima had complained that on August 20, 1993 at 10:10 p.m. she received a telephone call from Richter. Richter was charged with intentionally failing to comply with the terms of three separate bonds issued in three different cases by having contact with Sima. The complaint alleged that Case No. 93-CM-573 included a bond signed on May 3, 1993, which provided that Richter have "no contact with Terry Sima, or her residence or by phone." The complaint alleged that the bond in Case No. 93-CM-677, executed on June 8, 1993, provided that Richter "have no contact with Terry Sima and to obey the rules of Family Court." The complaint further alleged that the bond issued in Case No. 93-CM-715 and executed on July 2, 1993, provided that Richter was to "have no contact with Terry Sima, written, phone, no personal contact and visitation of child and no contact by a third party and further, that [Richter] was not to be within a ten block radius of the victim."

Richter pled "no contest" to three counts of bail jumping. On October 20, 1993, the trial court entered a judgment of conviction against Richter for three counts

of bail jumping as a repeat offender in violation of §§ 946.49 and 939.62, STATS.

On March 16, 1994, Richter filed a motion for post-conviction relief, requesting the court to "vacate the convictions and sentences for counts 2 and 3, on the ground that counts 2 and 3 are multiplicitous to count 1, and thus violate defendant's state and federal constitutional protections against double jeopardy." On May 20, 1994, the trial court filed an order denying Richter's motion for postconviction relief. Richter appeals to this court from the trial court's judgment of conviction and order denying postconviction relief.

■

Whether Richter can be convicted of multiple counts of bail jumping for committing a single act which violated three separate bonds is a question of constitutional fact which we review de novo. *State v. Hirsch*, 140 Wis. 2d 468, 470-71, 410 N.W.2d 638, 639 (Ct. App. 1987).

Richter argues that he "cannot be convicted of multiple counts of bail jumping for one act, merely because [he] is on bail in more than one case." He contends that the three counts of bail jumping were multiplicitous, thus violating the double jeopardy provisions of the state and federal constitutions.[1]

■

Multiplicity arises where a defendant is charged in more than one count for a single offense. *State v. Rabe*, 96 Wis. 2d 48, 61, 291 N.W.2d 809, 815 (1980). In order to determine whether the three counts of bail jumping were multiplicitous, we must apply a two-pronged test

---

[1] Article I, Section 8, of the Wisconsin Constitution and the Fifth Amendment to the United States Constitution protect defendants against double jeopardy. *See State v. Sauceda*, 168 Wis. 2d 486, 489, 485 N.W.2d 1, 2 (1992).

to the facts of this case and decide: (1) Whether the offenses are identical in the law and in fact, and (2) the legislative intent as to the allowable unit of prosecution under the statute in question. *Id.* at 63, 291 N.W.2d at 816. In applying the first prong of the test to the facts of this case, we conclude that the bail jumping counts are identical in law because each count alleges an act prohibited by § 946.49, STATS.[2]

Because the three counts are identical in law, we must determine whether each count requires proof of an additional fact which the other counts do not. *Rabe*, 96 Wis. 2d at 63, 291 N.W.2d at 816. Richter argues that under the first part of the test he can only be charged with one offense because the "three alleged offenses were committed at the same time and place. Thus, they are not separated in time and are not 'significantly different in nature.' "

We disagree with Richter and conclude that each of the three counts is different in fact. In each of the three cases there were separate bonds issued by the court. We agree with the trial court that "[i]f the State were put to their proof, they would be required to prove up the condition in each bond." Each count would require proof of facts for conviction which the other two counts would not require because each bond would give rise to an individual factual inquiry. "Under Wisconsin law, offenses which are the same in law are different in fact if those offenses are either separated in time or are significantly different in nature." *State v. Stevens*, 123 Wis. 2d 303, 322, 367 N.W.2d 788, 798, *cert. denied*, 474

---

[2] Section 946.49, STATS., provides in relevant part:

**Bail jumping.** (1) Whoever, having been released from custody under ch. 969, intentionally fails to comply with the terms of his or her bond . . ..

U.S. 852 (1985). We conclude that the three separate bonds issued in this case created three significantly different chargeable offenses.

Additionally, we conclude that an analysis under the second prong of the test for multiplicity does not render the counts multiplicitous. There is no indication from the plain language of § 946.49, STATS., that the legislature intended to limit the allowable unit of prosecution. To import into the bail jumping statute that a defendant can only be charged with one offense even if the act violates separate bonds would be not to construe, but to rewrite the statute. *See State v. Engler*, 80 Wis. 2d 402, 410, 259 N.W.2d 97, 101 (1977). That is a job for the legislature, not for this court. *Id.*

Richter cites *McGee v. State*, 438 So. 2d 127 (Fla. Dist. Ct. App. 1983), as persuasive authority for the proposition that multiple counts of bail jumping for a single act are improper. In *McGee*, the Florida court stated: "McGee committed only one statutory offense and the multiplication of McGee's failure to appear on a single occasion into seven separate offenses and sentences violated McGee's constitutional right to protection against double jeopardy." *Id.* at 131. Richter emphasizes certain language in the opinion: "The gravamen of the offense is the failure to appear at the time and place specified, not how many offenses or cases are pending and scheduled for disposition on that particular occasion." *Id.*

We are not persuaded by *McGee* because the facts in the present case are readily distinguishable. In *McGee*, the court stated that the defendant was charged with "willfully fail[ing] to appear before the Court as required . . .. Counts Two through Seven were identical but for the single exception that the case

110

number in each count was different." *Id.* at 130. In contrast, the counts charged in the present case are each distinguished by a separate bond. Additionally, Florida's bail jumping statute can be distinguished from § 946.49, STATS., because it never mentions compliance with a bond. We conclude that Richter's three convictions are not multiplicitous and, therefore, do not subject him to double jeopardy.

*By the Court.*—Judgment and order affirmed.