STATE of Wisconsin, Plaintiff-Respondent,†

v.

Daniel ANDERSON, Defendant-Appellant.

Court of Appeals

*Nos. 96–0087–CR, 96–0088–CR. Submitted on briefs September 12, 1997.—Decided October 8, 1997.*

(Also reported in 570 N.W.2d 872.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jack E. Schairer*, first assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Sharon Ruhly,* assistant attorney general.

Before Snyder, P.J., Brown and Anderson, JJ.

SNYDER, P.J.   Daniel Anderson appeals from judgments of conviction for a substantial battery charge and two bail jumping charges and from the trial court's order denying postconviction relief.[1] He claims that because he was under a single bond, and the two bail jumping charges were for "an act of contact and drinking at the same time on the same day and at the same place," charging him twice for bail jumping was multiplicitous. We agree and reverse the conviction as to one count of bail jumping and remand for resentencing on the substantial battery conviction and the remaining count of bail jumping.

---

[1] Because there were two separate trial court files, Anderson originally filed two notices of appeal. An order was issued from this court on February 20, 1996, consolidating the two appeals.

At the time of the incident, Anderson was on bail pending trial on a substantial battery charge.[2] He was under the supervision of a single bond. Among the conditions of his bond was one prohibiting him from consuming alcohol and another prohibiting contact with his girlfriend, the victim of the battery. While Anderson was on bail, the police were called to the girlfriend's residence. When they arrived, it was apparent that Anderson had been drinking. Both the drinking and his presence at the residence were in violation of bond provisions. As a result, he was charged with two counts of felony bail jumping.

Anderson subsequently pled no contest to the substantial battery charge and guilty to both counts of felony bail jumping. He was convicted and sentenced to a seven-year term on one count of bail jumping and to a withheld sentence and six years of probation, consecutive to his prison term, on the second count of bail jumping. He was also sentenced to a withheld sentence and three years of probation on the substantial battery, to run concurrent with the other term of probation. He brought a postconviction motion, alleging a multiplicity violation due to the two bail jumping convictions. That motion was denied and Anderson now appeals.

This court independently reviews questions of constitutional fact, which require the application of constitutional principles to the facts of the case. *See State v. Hirsch,* 140 Wis. 2d 468, 470, 410 N.W.2d 638, 639 (Ct. App. 1987). We must determine whether the two counts of bail jumping in violation of a single bond are multiplicitous. *See id.* at 471, 410 N.W.2d at 639. Multiplicity is defined as the charging of a single crimi-

---

[2] This charge stemmed from an incident in which Anderson was fighting with his girlfriend and knocked out her tooth.

nal offense in more than one count. *See State v. Grayson,* 172 Wis. 2d 156, 159, 493 N.W.2d 23, 25 (1992). Because they violate the double jeopardy provisions of the state and federal constitutions, multiplicitous charges are impermissible. *See id.*

In analyzing a multiplicity issue, we employ a two-pronged test. *See id.* The first prong requires that we determine whether the charged offenses are identical in law and fact. *See id.* If they are, the charges are multiplicitous; however, even if the charges are different in law or fact, they may still be multiplicitous under the second prong of the test. *See id.* Under the second prong of the test, charges are multiplicitous "if the legislature intended them to be brought as a single count." *Id.* (footnote omitted).

The charges are identical in law. Anderson was charged with bail jumping contrary to § 946.49(1), STATS. The elements of bail jumping are that the defendant (1) has been released from custody on bail, and (2) has intentionally failed to comply with the terms of the bail bond. *See State v. Nelson,* 146 Wis. 2d 442, 449, 432 N.W.2d 115, 118 (Ct. App. 1988); *see also* § 946.49(1). Both of Anderson's violations—consuming alcohol and having contact with his girlfriend—were acts prohibited by his bond and thus were contrary to § 946.49(1). The State does not dispute that they are identical in law.

We turn then to consideration of whether the two charges are different in fact. The State contends that the two charges are based on two separate volitional acts—consumption of alcohol and violating a no contact provision. Therefore, the State reasons that Anderson engaged in two separate acts and that "there was

130

ample time for [him] to reflect on his actions and commit himself to both of the violations."

The State contends that the two charges "involved separate and individual factual inquiries" and that pursuant to our analysis in *State v. Richter,* 189 Wis. 2d 105, 525 N.W.2d 168 (Ct. App. 1994), Anderson is subject to multiple convictions. The State posits that because it was required to prove that Anderson consumed alcohol in violation of one condition of his bond, and also that Anderson intentionally had contact with his girlfriend in violation of a separate bond condition, multiple charges were appropriate.[3]

Anderson responds that "[t]he two offenses [were] alleged to have been committed on the same date at the same place. They [were] not separated in time." Because only one bond was violated by a single "act of contact and drinking," he argues that he should not be charged and convicted of two offenses "that are part of the same transaction or episode and violate one bond." We consider the applicable statutory section in analyzing these conflicting claims.

Section 946.49(1), STATS., provides in relevant part:

> **Bail jumping. (1)** Whoever, having been released from custody under ch. 969, intentionally fails to comply with the terms of his or her bond . . . .

The statute defines two elements for the crime of bail jumping. A defendant must be (1) released from custody on bail, and (2) *intentionally fail to comply with the terms of the bail bond.* Anderson submits that the use of the plural "terms" indicates that as long as the means of violating the conditions occurred at the same time and place, even a violation of multiple terms is a

---

[3] Anderson pled guilty to both bail jumping charges.

single transgression. In other words, the act of violating the terms is what is important, and Anderson violated the terms once. Therefore, he claims, the second conviction for violating a single bail bond was multiplicitous. We agree.

According to § 990.001(1), STATS., which outlines applicable rules of statutory construction, "The singular includes the plural, and the plural includes the singular." Therefore, we read the second element of the statute as "intentionally fails to comply with the [*term or*] *terms* of his or her bond." *See* § 946.49(1), STATS. (emphasis added). A defendant is charged with violating the terms of a bond; this is the "what" of the violation. The charging unit for any crime is dependent upon *what* has been violated. The specific means of violating the bond denominate *how* the bond was violated.[4] Anderson violated his bond when he showed up at the victim's residence and had been drinking. This violation occurred at one point in time and was an intentional failure to comply "with the terms of . . . [the] bond." *See id.* The State concedes that the two charges are identical in law. We conclude that they are also identical in fact and thus are multiplicitous. We therefore reverse Anderson's conviction as to one count of bail jumping and remand for resentencing on the sub-

---

[4] We underscore how other crimes are charged. For example, when a defendant is charged with homicide, the crime charged is based on an act in violation of the homicide statutes. In other words, *what* the defendant did. *How* the crime was committed or through what means the victim was killed does not denominate the charging unit for the crime. If multiple lethal shots are fired, or an individual uses two weapons to commit the homicide, they are still charged with a single homicide for a single death.

stantial battery conviction and the remaining count of bail jumping.

The State nonetheless contends that "[w]hen compared with the facts held to justify multiple charges in *State v. Richter,* the relevant factual circumstances in Anderson's case offer an even more compelling case in support of multiple charges." In *Richter,* a defendant who was under three separate bonds argued that he could only be charged with one offense because the " 'three alleged offenses were committed at the same time and place.' " *Richter,* 189 Wis. 2d at 109, 525 N.W.2d at 170 (quoted source omitted). We concluded that because Richter was under three separate bonds and that each count required the State to prove facts for a conviction which the other two counts would not, each bond gave rise to a separate factual inquiry. *See id.* We determined that because of the three separate bonds that three significantly different chargeable offenses were created. *See id.* at 110, 525 N.W.2d at 170.

The instant case is not analogous. In order to carry its burden, the State was required to prove that Anderson violated the term or terms of a *single* bond. On the date in question, he violated his bond. He violated this single bond by consuming alcohol and ignoring the no-contact provision. This gives rise to a single infraction of the bail jumping statute. To charge Anderson with two counts of bail jumping is multiplicitous and the second count must be reversed.

■

We therefore reverse Anderson's conviction on one count of bail jumping and remand for resentencing on the remaining bail jumping count and the substantial battery charge. The opportunity for resentencing on both convictions "permits the sentencing judge to reim-

pose, within statutory limits, the punishment she or he originally imposed." *State v. Martin,* 121 Wis. 2d 670, 683, 360 N.W.2d 43, 50 (1985). The trial court should be mindful that any increase in the original sentence "must be supported by reasons set forth on the record 'based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.' " *State v. Carter,* 208 Wis. 2d 142, 148, 560 N.W.2d 256, 258 (1997) (quoted source omitted). A trial court's adherence to this rule assures that a defendant's due process rights are protected at resentencing. *See id.*

*By the Court.*—Judgments and order reversed and cause remanded.