State of Wisconsin, Plaintiff-Respondent,
v.
Randy J. Promer, Defendant-Appellant.
No. 04-0939-CR.
Court of Appeals of Wisconsin.
Opinion Filed: August 3, 2004.
¶1 PETERSON, J.[1]
Randy Promer appeals a judgment of conviction and an order denying his postconviction motion after he was convicted of possession of a controlled substance and possession of tetrahydrocannabinols (THC). Promer argues that the seizure of the THC was made without probable cause and that the trial court therefore erred when it denied his motion to suppress evidence. We disagree and affirm the judgment and order.

BACKGROUND
¶2 On May 21, 2003, Andrew Falk, a detective with the Eau Claire Police Department, observed a group of people in an alley in the 400 block of Galloway Street. Falk knew this to be an area of frequent drug use and other illegal activity. Falk heard a bottle clang and approached the group to investigate. The group included Randy Promer. While Falk questioned the group, Promer became agitated, uncooperative and nervous. Falk then frisked Promer for weapons.
¶3 Falk did not find any weapons during the frisk. However, Falk felt a soft ball of something in Promer's front pants pocket, which Falk thought were plastic bags. Falk also felt a large mass in Promer's waistband, which was later revealed to be a bag of marijuana.
¶4 Falk did not immediately seize the marijuana. Instead, Falk continued to question the group. Promer eventually confessed to possessing marijuana. Falk arrested Promer and seized the baggies, the marijuana and a prescription medication bottle.
¶5 Promer was charged with possession of a controlled substance and possession of THC. Promer successfully moved to suppress his statements admitting to possession of marijuana. The circuit court concluded the statements were obtained in violation of Promer's Miranda[2] rights. He also moved to suppress the marijuana, claiming it was seized unlawfully. That motion was denied. Promer then pled no contest and was found guilty.
¶6 Promer filed a motion for postconviction relief. He argued that Falk lacked probable cause to seize the marijuana and requested that his conviction be vacated. The trial court denied the motion.

STANDARD OF REVIEW
¶7 Whether probable cause existed is a question of constitutional fact that we review independently. See State v. Richter, 189 Wis. 2d 105, 108, 525 N.W.2d 168 (Ct. App. 1994). When reviewing an order denying a motion to suppress evidence, this court will uphold a trial court's findings of fact unless they are against the great weight and clear preponderance of the evidence. State v. Morgan, 197 Wis. 2d 200, 208, 539 N.W.2d 887 (1995). However, whether a search has occurred, and if so, whether the search passes statutory and constitutional muster, are questions of law that we review independently. State v. Ford, 211 Wis. 2d 741, 743, 565 N.W.2d 286 (Ct. App. 1997).

DISCUSSION
¶8 The Fourth Amendment to the United States Constitution and Article I, § 11 of the Wisconsin Constitution guarantee citizens the right to be free from "unreasonable searches." Morgan, 197 Wis. 2d at 206. In construing Article I, § 11 of the Wisconsin Constitution, we follow the United States Supreme Court's interpretation of the Fourth Amendment. Id. A pat down, or "frisk," is a search within the meaning of the Fourth Amendment. Id. Pat-down searches are justified when an officer has a reasonable suspicion that a suspect may be armed. Id. at 209. The scope of the search must be limited to a pat down reasonably designed to discover weapons. Terry v. Ohio, 392 U.S. 1, 29 (1968).
¶9 When an officer conducting a pat-down search feels an object that does not feel like a weapon, the officer may retrieve that item if the feel of the object together with other suspicious circumstances create probable cause that the object is contraband. State v. Guy, 172 Wis. 2d 86, 100, 492 N.W.2d 311 (1992). The rationale for this is that the object is in "plain view" of the officer's lawful touch and thus no search has occurred, only a seizure of evidence of criminal activity plainly sensed by the officer. State v. Ford, 211 Wis. 2d 741, 744, 565 N.W.2d 286 (Ct. App. 1997).
¶10 Promer does not challenge the legality of the pat-down search. Promer contends that, after the pat down and based on the information Falk had at the time, Falk did not have probable cause to seize the substance in Promer's waistband. Promer argues that the record does not show that Falk had any particular ability to identify marijuana by touch.
¶11 When determining whether probable cause existed, we may consider the officer's previous experience. State v. McGill, 2000 WI 38, ¶42, 234 Wis. 2d 560, 609 N.W.2d 795. We may also consider any inferences the officer would draw from that experience and from the surrounding circumstances. Id. Falk was a police officer for about ten years and a member of the West Central Drug Task Force for about three years at the time of this incident. He had been trained in drug interdiction and participated in several hundred drug-related arrests. Falk encountered Promer in an area Falk knew was frequented for drug use. Falk felt a small mass in Promer's pocket that he thought was Baggies and a larger mass in Promer's waistband that "definitely felt like marijuana." Contrary to Promer's argument, we conclude this evidence is sufficient to reasonably infer that Falk's training and experience, combined with the circumstances of this encounter, would allow him to identify the substance as marijuana.
¶12 Promer also argues that Falk himself was uncertain whether what he felt was marijuana and did not believe he had probable cause to seize the marijuana. Falk testified that he felt a mass that "definitely felt like marijuana" and that he "was pretty confident about what it was." However, Falk also testified that he did not "know" the substance was marijuana. Falk questioned Promer and secured an admission before he seized the substance.
¶13 In any event, we are not bound by Falk's belief as to probable cause. Whether probable cause existed is an objective, not subjective, test. McGill, 234 Wis. 2d 560, ¶41. We conclude that the totality of the circumstances would lead a reasonable officer with Falk's training and experience to believe that guilt was more than a possibility. Accordingly, probable cause existed to seize the marijuana after the pat-down search.
By the Court.  Judgment and order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Miranda v. Arizona, 384 U.S. 436 (1966).