CONLEY, District Judge,
concurring.
Deferring to the opinion of the Wisconsin Court of Appeals, the majority’s opinion states that the “instruction permitted the jury to find that the touching of separate body parts during the first outing at the lake constituted separate assaults, not that such a finding was required.” (Maj. Op. 755 (emphasis in original).) While concurring in the court’s decision to affirm the denial of defendant’s petition on other grounds, I write separately because the trial court’s supplemental instruction to the jury unconstitutionally foreclosed a finding of simultaneous contact and the majority opinion may be erroneously cited by future litigants for the proposition that a state court may construe away post hac defects fundamental in the government’s proof of essential elements of the crime *756 charged simply by casting it as a matter of state law.
As quoted more fully by the majority, the trial court instructed in relevant part:
If the State proved beyond a reasonable doubt that the defendant touched the buttocks of Danielle and that she was under 16 and that it was done with intent to become sexually aroused or gratified, that is one contact. If the State proved beyond a reasonable doubt that the defendant touched the vagina of Danielle on the first occasion [and] that she was under 16 and that it was done to become sexually aroused or gratified, that is a second contact.
(Emphasis added.) Particularly because this supplemental instruction was given in direct response to a specific question posed by the jury during its deliberation as to whether “the touching of the buttocks or vagina constitute one or two separate charges towards three sexual assaults,” this instruction could reasonably be understood by the jury to direct it to consider a single toss or throw in the quarry as two contacts — one to the buttocks and one to the vagina. With that framework in mind, the jury was further instructed to decide “if there were no contacts, as I have defined that, or one contact or two contacts or three contacts or four contacts.” (Emphasis added.)
To my reading, while the jury certainly remained free to determine whether the alleged contacts occurred, the trial court effectively decided whether one toss or throw constituted one contact or two contacts as a result of this supplemental instruction.
The Wisconsin Court of Appeals concluded that the evidence supported a finding that the “acts were different in nature and involved a separate volitional choice by [Schweiner],” which permitted “the jury ... [to] find that Schweiner’s decision to touch Danielle’s buttocks, followed by his decision to touch her vagina, even within the context of a single toss at the quarry, constituted two separate sexual assaults.” (R2:Attach.E:9.) But the fact that the jury could have found the touches constituted two separate contacts for the purpose of convicting Schweiner of repeated sexual assault of a child, simply does not address the flaw in the court’s conclusion: the supplemental instruction took that finding away from the jury.
The issue posed in Schweiner’s petition is not merely a matter of semantics. Schweiner was convicted of engaging in three or more sexual assaults. While Wisconsin courts may interpret what constitutes a separate sexual assault, that is not what occurred here. On the contrary, the Wisconsin Supreme Court and the Wisconsin Court of Appeals have already defined what constitutes separate contacts for purposes of § 948.025(1). See State v. Eisch, 96 Wis.2d 25, 31, 291 N.W.2d 800, 803 (1980) (holding that to constitute a separate contact under § 948.025(1), the contact must be “either separated in time or ... of a significantly different nature in fact”); State v. Hirsch, 140 Wis.2d 468, 474, 410 N.W.2d 638, 641 (Ct.App.1987) (citing Eisch, holding that “the acts allegedly committed are not ‘so significantly different in fact that they may be properly denominated separate crimes’ ”). By directing the defendant’s touch of the buttocks and vagina constituted two separate contacts “even within the context of a single toss,” the trial judge prevented the jury from making the very finding it was required to make: that the touch constituted two separate contacts as defined in Eisch and Hirsch.
“[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” In re Winship, 397 *757 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The right to trial by jury “includes, of course, as its most important element, the right to have the jury, rather than the judge, reach the requisite finding of ‘guilty.’ ” Sullivan v. Louisiana, 508 U.S. 275, 277, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).
For this reason, the trial court’s supplemental instruction violated Schweiner’s rights under the Fifth and Sixth Amendments, and as such the Wisconsin Court of Appeals’ decision affirming his conviction was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1).
The certificate of appealability in this case was limited to “whether the trial court’s supplemental instructions permitted conviction without a jury finding beyond a reasonable doubt all facts necessary for conviction in violation of Schweiner’s rights to due process.” Since Sehweiner did not object to the supplemental instruction, however, his only avenue of relief on appeal is through an ineffective assistance of counsel claim. Here, too, I would find for Sehweiner. His defense counsel may have made a reasonable decision not to seek a favorable instruction in the first instance on what constitutes a contact, because it might undermine his sole “defense ... that none of them had happened.” (App.121 (emphasis added).) But once the jury specifically asked for guidance, there was no longer a tactical or strategic reason for failing to urge the court to instruct the jury that they decide whether touching involved in a single toss constituted one or two contacts.
Still, I conclude that the error was harmless. Danielle testified at trial that Sehweiner threw her repeatedly during the trip to the quarry, and that the touching of her buttocks and vagina happened during most of those tosses. Even if the jury had been properly instructed to determine whether a single toss or throw constituted one or two contacts and had concluded that a toss constituted just one contact, there was ample evidence of separate, volitional touches, including Danielle’s testimony that she was repeatedly tossed or thrown by Sehweiner, to allow for a finding of three contacts sufficient to satisfy the elements of this claim. Indeed, it is inconceivable that the jury could have found the victim had told the truth about multiple touches on her first toss, but lied about the many additional tosses she described. On that alternate basis alone, I would affirm the district court’s denial of Schweiner’s petition. See O’Neal v. McAninch, 513 U.S. 432, 437, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (“[If] the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand.” (internal citation and quotation marks omitted)).