Charles ZANDFORD, Plaintiff,

v.

**NATIONAL ASSOCIATION OF
SECURITIES DEALERS,
INC., et al., Defendants.**

Civil Action No. 94–180(GK).

United States District Court,
District of Columbia.

March 17, 1998.

Charles Zandford, Lewisburg, PA, pro se.

Francis Joseph Warin, Gibson, Dunn &
Crutcher, L.L.P., Washington, DC, for Defendants.

### *MEMORANDUM OPINION*

KESSLER, District Judge.

This matter is before the Court upon Defendants' Motion to Dismiss [# 28] pursuant
to Fed.R.Civ.P. 12(b)(6), 12(b)(1), and

12(h)(3). The case arises from a 1991 and 1992 investigation by the National Association of Securities Dealers, Inc. ("NASD") of Plaintiff Charles Zandford and his former employer, a securities-brokerage firm, for theft and conversion of customer funds. Zandford alleges Defamation (Count I), False Light Invasion of Privacy (Count II), and Continuing Interference with Business Relations (Count III).

Upon consideration of Defendants' Motion, Plaintiff's Opposition, Defendants' Reply, and the entire record herein, Defendants' Motion is hereby **granted.**

## I. BACKGROUND [1]

Zandford was employed as a registered representative by Dominick and Dominick, Inc. ("Dominick") in its Bethesda, Maryland retail sales office from May 1987 until February 1991. In 1991, the NASD initiated an investigation of Dominick for theft and conversion of customer funds. In May 1991, Defendant Brian A. Hobbs, the Assistant Director of NASD's Business District 9, dispatched Defendant Steven Bender, a NASD District Examiner, to the Woodbine Nursing Home in Alexandria, Virginia.

At the Woodbine Nursing Home, Bender interviewed William Raymond Wood, one of Zandford's former clients. During the course of that interview, Zandford alleges that Bender accused him of embezzlement and theft of monies belonging to Wood. These statements were allegedly made in the presence of Wood, his personal attendant, and a nursing home social worker.

Zandford also alleges that Hobbs and Bender contacted the Fairfax County District Attorney's Office and repeated the accusations to them. He further alleges that Hobbs contacted the Securities and Exchange Commission ("SEC") and renewed his accusations against Zandford, prompting the SEC to begin an investigation.

In April 1994, Zandford was indicted on thirteen counts of wire fraud. (Defs.' Mot. to Dismiss at 6; *see also* Pl.'s Opp'n to Mot. at 12.) The indictment charged that Zandford had schemed to defraud Wood of approximately $400,000. Zandford was convicted on all counts by a jury in Baltimore, Maryland in July 1995, and his conviction was affirmed by the Fourth Circuit Court of Appeals. *See United States v. Zandford,* 110 F.3d 62 (4th Cir.1997); *see also* Defs.' Mot. to Dismiss at 6; Pl.'s Opp'n to Mot. at 12–13.

According to Zandford, the accusations of theft and embezzlement, and the ensuing investigations and legal actions against him, have caused him severe humiliation, emotional and physical distress, and have rendered him completely unemployable. (Compl.¶ 42, 43.) He seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. *Shear v. National Rifle Ass'n of Am.,* 606 F.2d 1251, 1253 (D.C.Cir.1979).

## III. ANALYSIS

### A. Defamation and False Light Invasion of Privacy (Counts I and II)

■ Zandford alleges that Defendants' statements accusing him of criminal conduct were false and malicious, have injured his business character and reputation, and have rendered him unemployable. He also claims that Defendants knew or should have known that their investigations would invade his privacy and would place him in a false light.

Traditionally, "the determination of which state's law should apply was governed by 'the place where the wrong was committed,' and that '[l]ibel and slander take place where the

---

1. For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. *Shear v. National Rifle* *Ass'n of Am.,* 606 F.2d 1251, 1253 (D.C.Cir. 1979). Therefore, unless otherwise noted, the facts set forth herein are taken from Plaintiff's Complaint.

defamatory statement is communicated'". *Crane v. New York Zoological Society*, 894 F.2d 454, 457 (D.C.Cir.1990) (quoting *Howser v. Pearson*, 95 F.Supp. 936, 938 (D.D.C. 1951)).

Here, Zandford specifically alleges that defamatory statements occurred in Alexandria, Virginia at the Woodbine Nursing Home and at the Fairfax County District Attorney's Office in Virginia.[2] Thus, the state law of Virginia will be applied to this action.

■ Under Virginia law, in circumstances "involving a plaintiff who is not a public official or public figure, and an alleged defamatory statement that imputes commission of a crime... [t]he plaintiff must prove by a preponderance of the evidence that the statement was false..." *Food Lion, Inc. v. Melton*, 250 Va. 144, 458 S.E.2d 580, 584 (Va. 1995) (citations omitted).[3]

Zandford thus must prove, by a preponderance of the evidence, that Defendants' alleged public accusations of "embezzlement and theft of monies belonging to a William Raymond Wood", Compl. ¶ 5, are false.

Zandford has been convicted of thirteen counts of wire fraud and states himself that "[e]ach count consisted of a check Zandford had received from Mr. Wood pursuant to several contracts..." (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 12.) As previously noted, his conviction has been affirmed by the Fourth Circuit Court of Appeals.

Zandford's conviction arose from the same transactions which gave rise to the allegedly defamatory statements. The standard of proof required in order to obtain a criminal conviction is, of course, "beyond a reasonable doubt". Given Zandford's conviction, which of course cannot be contested, the Court finds as a matter of law, that Zandford cannot prove by a preponderance of the evidence that the alleged statements were false.[4]

Count I of Zandford's Complaint will thus be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim.

■ As to Count II of the Complaint, false-light invasion of privacy, no such action exists in the State of Virginia. *Brown v. Am. Broadcasting Co., Inc.*, 704 F.2d 1296, 1302–03 (4th Cir.1983). Virginia has enacted a statutory right of privacy which prohibits the use of a person's name, portrait, or picture, without his or her consent, for commercial purposes. Va.Code Ann. § 8.01–40 (Michie 1997). No right of privacy exists outside this statute. *Brown*, 704 F.2d at 1302.

■ Both Maryland and the District of Columbia, as do most jurisdictions, require that the offending statement be made "with knowledge of its falsity or in reckless disregard of the truth". *Cantrell v. Forest City Publishing Co.*, 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed.2d 419 (1974) (citing *Time, Inc. v. Hill*, 385 U.S. 374, 388, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967)); *White v. Fraternal Order of Police*, 909 F.2d 512 (D.C.Cir.1990); *Bagwell v. Peninsula Regional Medical Center, et al.*, 106 Md.App. 470, 665 A.2d 297 (Md.1995). Thus, even under the laws of Maryland and the District of Columbia, Zandford's false-light claim must be dismissed, as he cannot demonstrate that the alleged statements made by Defendants were false. Count II must thus also be dismissed pursuant to Fed. R.Civ.P. 12(b)(6).

### B. Tortious Interference With Business Relations (Count III)

■ Zandford also alleges that the "[D]efendants (sic) continuing defamation knowingly, willfully, and maliciously interferes with Zandford's business relationships..." (Compl.¶ 59.) Given the Court's determination that Zandford cannot make a prima facie showing of defamation, Zandford fails to show that such defamation interferes with his

---

2. Zandford also alleges that Hobbs contacted the SEC, but does not state where or when this contact occurred.

3. The same standard applies under District of Columbia and Maryland defamation laws. *See, e.g., Moldea v. New York Times Co.*, 15 F.3d 1137, 1142 (D.C.Cir.1994); *General Motors Corp. v. Piskor*, 277 Md. 165, 352 A.2d 810, 814 (Md.1976).

4. Zandford states that he is "now in the process of filing a § 2255 for ineffective assistance of counsel." (Pl.'s Opp'n Defs.' Mot. to Dismiss at 13.) The Court notes, however, that only collateral appeals remain available to Zandford, as he has exhausted his direct appeals.

**4**

business relationships. Count III of his Complaint will be dismissed pursuant to Fed. R.Civ.P. 12(b)(6).

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [# 28] is **granted**. An Order will issue with this opinion.