Krueger v. Warden                    CV-02-294-M    12/17/02
                  UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Kyle Krueger,
     Petitioner

     v.                                  Civil No. 02-294-M
                                         Opinion No. 2002 DNH 213
Jane Coplan, Warden,
     Respondent


_____ **O R D E R**


     Kyle Krueger seeks habeas corpus relief under the provisions

of 28 U.S.C. § 2254, arguing that the State of New Hampshire

subjected him to double jeopardy, in violation of his rights

under the Fifth and Fourteenth Amendments to the United States

Constitution, when it charged and convicted him of ninety

discrete criminal offenses arising from a single and continuous

course of sexual misconduct with a minor child.  During a twenty-

five minute period, petitioner repeatedly, and mostly

successfully, coaxed a two-year-old child to perform oral sex

upon him.  See State v. Krueger, 146 N.H. 541 (2001).  The

activity was videotaped, so it was feasible for prosecutors to

break down petitioner's behavior into discrete criminal offenses,

each offense based upon different, though temporally close, conduct.

Respondent moves to dismiss the petition for failure to exhaust remedies available to petitioner in New Hampshire's courts. Respondent is correct – a habeas petitioner in state custody generally may not advance his or her federal constitutional claims in a federal court unless and until the substance of those claims has been fairly presented to the state's highest court. That "exhaustion" requirement, codified at 28 U.S.C. §§ 2254(b) and (c), is designed to provide state courts with an initial "opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971)(citation and internal quotation marks omitted).

To establish exhaustion, petitioner must show that "he tendered his federal claim [to the state's highest court] in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Casella v. Clemons, 207 F. 3d 18, 20 (1st Cir. 2000)(citations and

2

internal quotation marks omitted).  Respondent says petitioner has not done so in this case.

Even reading petitioner's brief to the New Hampshire Supreme Court as favorably as possible, one cannot find a hint of a federal claim.  Petitioner did make a vague and, as the Respondent characterizes it, a "passing" reference to the Fifth and Fourteenth Amendments, as well as the concept of "double jeopardy," in his Notice of Appeal.  But, he never followed up by identifying or briefing a federal double jeopardy claim.  Rather, petitioner's brief merely argued that charging so many discrete offenses was, under the circumstances, "an unjust application of the [state criminal] statute."  Krueger, 146 N.H. at 542; see also Appendix to Memorandum of Law in Support of Respondent's Motion for Summary Judgment, Exhibit A (Document No. 7).

A petitioner can easily satisfy the exhaustion requirement. There are no hard and inflexible rules; it is sufficient if the issue is presented "face-up and squarely," and in such a fashion that "a reasonable jurist would have recognized the federal constitutional dimensions of the petitioner's claim."  Barresi v.

Maloney, 296 F.3d 48, 52 (1st Cir. 2002). Here, however, petitioner seems to have made no attempt to alert the state justices of a federal dimension to his direct appeal. He did not cite specific provisions of the United States Constitution in his brief; did not specifically raise a double jeopardy issue, in those terms; never suggested a federal issue of any other kind; did not rely upon federal precedents; did not claim any particular right guaranteed to him by the Constitution; and, finally, the brief filed by petitioner does not leave the reader with any sense that his claim regarding "multiplicity" was in any way related to federal law. See Nadworny v. Fair, 872 F.2d 1093, 1099 (1st Cir. 1989).

Under these circumstances, it is difficult to argue, much less conclude, that petitioner presented his federal double jeopardy claim "face-up and squarely" to the New Hampshire Supreme Court, or that a reasonable jurist would have recognized the federal constitutional dimension of his claim. See Adelson v. DiPaola, 131 F.3d 259 (1st Cir. 1997).

4

Although it cannot be said that petitioner fully exhausted his federal claim, it is nevertheless apparent that his claim is without merit and that exhausting available state remedies would be entirely futile. This is particularly so because, although petitioner did not raise or brief a federal double jeopardy claim, and the New Hampshire Supreme Court did not consider or resolve a federal claim, petitioner's state double jeopardy claim (such as it was) was legally indistinguishable from the parallel federal claim he seeks to advance now. That is, the result of his state appeal would have been no different had the claim been analyzed under federal, rather than state, law (state double jeopardy law could not be less protective than the federal law of double jeopardy).

Essentially, then, requiring petitioner to exhaust his double jeopardy claim would be plainly futile, both because the state supreme court found no state double jeopardy violation (which effectively precluded its finding a federal violation), and because the federal claim is without merit. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") anticipated situations such as that presented here, providing

5

that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Although the AEDPA does not describe the standard applicable when determining whether an unexhausted petition should be dismissed on the merits (as opposed to dismissing it without prejudice to permit complete exhaustion) it seems reasonably clear that dismissal on the merits is appropriate where exhaustion "plainly would be futile," and the federal claim is without merit. See Adelson, 131 F.3d at 263-64; Colon v. Johnson, 19 F.Supp. 2d 112, 120 (S.D.N.Y. 1998).

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. Amend. V. Three types of protection are afforded: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717

(1969) (footnotes omitted), overruled in part on other grounds, <u>Alabama v. Smith</u>, 490 U.S. 794 (1989).

Petitioner claims here, as he did in the state proceedings, that by dividing his conduct into discrete acts and then charging numerous separate offenses, the prosecution subjected him to "multiplicious" indictments, which put him in jeopardy of multiple punishments for the same offense. That is, petitioner reiterates in every material respect what he argued before the New Hampshire Supreme Court, although here he puts the argument in federal dress. "An indictment is multiplicious when a single offense is charged in more than one count, and the Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishment for a single offense. However, it is the role of [the legislature] to define crimes and to determine the appropriate punishment for these offenses. If [the legislature] defines the crimes charged as separate and distinct offenses, an accused may be charged with these offenses separately." <u>United States v. Serino</u>, 835 F.2d 924, 930 (1st Cir. 1987)(citations and internal punctuation omitted).

7

Here, petitioner describes neither a multiple prosecution nor a multiple punishments case in his habeas petition. While the state prosecutors' exercise of charging discretion has been properly questioned in this case,[1] still, each indictment rested upon separate and distinct factual predicates. Material facts necessary to prove one offense charged were different from the material facts necessary to prove each other charged offense.

Under New Hampshire law, each separate act or attempted act of fellatio constituted a distinct offense, and could not be consolidated into one count alleging a general course of conduct involving several incidents of intentional touching. See State v. Krueger, 146 N.H. at 543; State v. Patch, 135 N.H. 127 (1991)(error to consolidate a number of separate felonious sexual assault offenses in one count of an indictment under a general

---

[1]    The New Hampshire Supreme Court was decidedly critical of the prosecution's decision to charge ninety separate offenses arising from the repugnant twenty-five minute episode depicted on the videotape. State v. Krueger, 146 N.H. 541, 543-44 (2001)("We do believe, however, that it is important to exercise discretion with more circumspection when charging crimes under these circumstances. . . [W]e place a great deal of responsibility upon prosecutors to exercise discretion without vengeance when charging a particular defendant. Unfortunately, the manner in which the indictments were charged in this case raises the specter of prosecutorial over-zealousness.").

8

plea of a course of conduct involving several incidents of intentional touching); <u>State v. Paulsen</u>, 143 N.H. 447 (1999). The prosecution, technically speaking, was correct in separately charging each criminal act.

So, each indictment charged a distinct criminal act as defined by state law[2] (i.e., eighty counts of aggravated felonious sexual assault, seven counts of attempted aggravated felonious sexual assault, two counts of felonious sexual assault, and one count of simple assault). Therefore, the indictments were not multiplicious and petitioner was not subjected to the risk of multiple punishments for the same offense. <u>See</u> <u>Blockburger v. United States</u>, 284 U.S. 299 (1932). Of course, any doubt at all in that regard was completely removed when the state trial judge consolidated all of the convictions for

---

[2] <u>See</u> <u>e.g.</u>, <u>State v. Patch</u>, 135 N.H. at 128 ("An indictment is duplicitous when it charges two or more offenses in one count. Each act of sexual contact . . . constitutes a separate offense of felonious sexual assault when such contact is with a person less than thirteen years of age. . . . By alleging a 'course of conduct involving several incidents of intentionally touching,' the indictment at issue encompassed more than one offense.")(citations omitted).

sentencing and imposed a sentence within the range applicable to one offense of conviction.  See Krueger, 146 N.H. at 544.

## Conclusion

While discretion, wisely exercised, should have led to a different charging practice than actually occurred here, given the incontrovertible video tape evidence and the discrete criminal acts revealed, no double jeopardy issue arose from the charges as brought.  The collection of indictments were all tried together in one proceeding.  Petitioner was subjected to only one trial and not to successive prosecutions arising from the same course of conduct.  He was not tried later for any offenses of which he had previously been either convicted or acquitted.  And, because the state trial judge refused to follow the prosecution's lead, and, instead, consolidated all of the convictions for purposes of sentencing, petitioner was not subjected to multiple punishment for what was essentially the same criminal conduct.  Thus, petitioner was punished only once, although convicted of 90 discrete offenses.

Because requiring petitioner to exhaust available state remedies would be futile, and because the petition is without substantive merit, it is dismissed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 17, 2002

cc:  Kyle Krueger
     Jonathan v. Gallo, Esq.

11