# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2023-0247, <u>Lois Stearns & a. v. Town of Gorham & a.</u>, the court on March 12, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(3).  The plaintiffs, Diane Holmes, Michael Pelchat, Sandra Lemire, Audrey and Rene Albert, and Nancy and Bruce Neil, who are homeowners in Gorham, brought this suit against the defendants, the New Hampshire Department of Transportation and the New Hampshire Department of Natural and Cultural Resources (collectively, the State), and the Town of Gorham (Town), requesting relief for alleged injuries arising from the placement of off-highway recreational vehicle (OHRV) trails near their properties.  The plaintiffs appeal various rulings of the Superior Court (<u>MacLeod</u>, J.) made during the course of this litigation.[1]  We affirm.

The following facts are drawn from the trial court's orders or are supported by the record.  The plaintiffs lived in Gorham at the relevant time and their respective properties are located next to or near either United States Route 2 or the Presidential Rail Trail (PRT), which are part of a network of recreational trails owned and operated by the State.  In 2011, the State designated the PRT as open for public OHRV use on a seasonal basis and permitted OHRV trailer parking in the Route 2 parking lot.  The Town approved the State's proposal.  In 2013, the State, with the Town's support, expanded the permitted use of OHRV in Gorham to include a portion of Route 2, beginning at the Route 2 parking lot.

In 2018, the plaintiffs brought this suit alleging that the defendants' approval of OHRV use on Route 2 and the PRT substantially and unreasonably interfered with their use and enjoyment of their homes due to the noise, fumes, and dust created by OHRV use.  The plaintiffs asserted: (1) a mandamus action against the Town; (2) nuisance claims against the Town and the State; and (3) inverse condemnation claims against the Town and the State.  They requested a preliminary and permanent injunction enjoining the nuisance created by the defendants' approval of OHRV use on trails near the plaintiffs' homes.  They also requested an award of attorney's fees and costs.

---

[1] Other plaintiffs, including Lois Stearns, have not joined in the appeal.  We refer to the appellants as the plaintiffs.

The trial court denied the plaintiffs' request for a preliminary injunction, dismissed the mandamus claim against the Town, and ruled that the nuisance claim against the State is barred by sovereign immunity. The court subsequently granted summary judgment to the Town on the nuisance claim on the basis of discretionary function immunity. During pretrial litigation, the plaintiffs served a deposition subpoena and a trial subpoena on Sarah Stewart, Commissioner of the Department of Natural and Cultural Resources. The trial court granted the State's motions to quash both subpoenas.

The parties ultimately proceeded to trial on the only remaining claims — inverse condemnation. Following a view of the plaintiffs' properties and a three-day bench trial, the trial court ruled that the defendants' conduct in permitting OHRV use in Gorham resulted in noise, dust, and fumes that substantially and frequently interfered with the plaintiffs' use and enjoyment of their properties, thereby effecting a taking of the plaintiffs' property. The court then held a two-day bench trial on the issue of damages. It concluded that, although the plaintiffs had proven a taking of their property, they failed to demonstrate that they suffered any damages as a result, and they therefore were not owed "just compensation" for the taking. The court also denied the plaintiffs' requests for attorney's fees and costs. The plaintiffs unsuccessfully moved for reconsideration, and this appeal followed.

I.    Denial of Preliminary Injunctive Relief

We first address the plaintiffs' argument that the trial court erred when it denied their request for a preliminary injunction halting OHRV operation on the trails in the plaintiffs' neighborhood. We agree with the defendants that this issue is moot. See Capriole v. Uber Technologies, Inc., 991 F.3d 339, 343 (1st Cir. 2021) ("It has long been the law that an appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the [trial] court's denial of the motion merges with the final judgment.").

II.    Quash of Deposition and Trial Subpoenas

The plaintiffs next challenge the trial court's orders quashing deposition and trial subpoenas of Sarah Stewart, Commissioner of the Department of Natural and Cultural Resources. In granting the State's motion to quash the deposition subpoena duces tecum, the trial court relied upon Bogan v. City of Boston, 489 F.3d 417, 423-24 (1st Cir. 2007), for the proposition that a party's access to high-ranking government officials through the discovery process should be limited. Under this rule, high-ranking government officials may be deposed if the party seeking the deposition shows that "the official has first-hand knowledge related to the claim being litigated" and that "other persons cannot provide the necessary information." Bogan, 489 F.3d at 423. The trial court concluded that the plaintiffs failed to meet this standard, in part because

2

they had already deposed another government official with relevant first-hand knowledge. The trial court granted the State's motion to quash the trial subpoena for similar reasons.

We review a trial court's decisions on the management of discovery and the admissibility of evidence under an unsustainable exercise of discretion standard. Kukesh v. Mutrie, 168 N.H. 76, 80 (2015). Accordingly, to show reversible error, the plaintiffs must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of their case. See id. We conclude that the plaintiffs have failed to meet this burden. They do not contest the trial court's application of the Bogan standard under these circumstances, nor do they directly challenge the court's determination that they failed to meet that standard. They identify several subjects they wished to explore with the Commissioner, but fail to explain why other persons — such as the former chief supervisor of the New Hampshire Bureau of Trails whom they deposed and who testified at trial — could not provide the same information. See Bogan, 489 F.3d at 423-24 (concluding trial court did not abuse discretion by preventing deposition of mayor when plaintiffs had not exhausted other available avenues of discovery).

III.    Dismissal of Nuisance Claims on Immunity Grounds

A. Sovereign immunity

We next address the plaintiffs' argument that the trial court erred when it granted the State's motion to dismiss the nuisance claim against the State, concluding that it was barred by sovereign immunity. The issue of sovereign immunity presents a question of subject matter jurisdiction and, accordingly, a question of law subject to our de novo review. See Avery v. Comm'r, N.H. Dep't of Corr., 173 N.H. 726, 732 (2020). As State agencies, the Department of Transportation and the Department of Natural and Cultural Resources are cloaked with the State's sovereign immunity. See Chase Home for Children v. N.H. Div. for Children, Youth & Families, 162 N.H. 720, 730 (2011). The agencies therefore enjoy immunity from suit in New Hampshire courts. See RSA 99-D:1 (2023); Chase, 162 N.H. at 730. This means that New Hampshire courts do not have subject matter jurisdiction to hear cases against these agencies unless there is an applicable statute waiving immunity. Chase, 162 N.H. at 730. A statute can waive immunity either "expressly or by reasonable implication." Id. (quotation omitted). Waivers of sovereign immunity are "strictly construed." Id.

The plaintiffs clarified at oral argument that they are not relying on an express waiver of sovereign immunity, but instead argue that the enactment of RSA chapter 215-A (2019 & Supp. 2024) — specifically RSA 215-A:41 (Supp.

3

2024), :42 (2019), and :43 (2019) — constituted a waiver of immunity by reasonable implication.[2]  We are not persuaded.

Where the clear intent of a statute is to confer a right to redress injuries proximately caused by the tortious actions of certain State agents, we have construed that statute as implicitly waiving sovereign immunity and allowing recovery of damages.  See State v. Brosseau, 124 N.H. 184, 190 (1983); see also Chasse v. Banas, 119 N.H. 93, 96-97 (1979) (holding that, by guaranteeing civilly committed patients the right to adequate and humane treatment, statute had implicitly "waived any claim of sovereign immunity" for a damages action seeking to vindicate the denial of that right); State Employees' Ass'n of N.H. v. Belknap County, 122 N.H. 614, 621-22 (1982) (holding that state retirement system statute granted eligible governmental employees an enforceable right to benefits and constituted an implicit waiver of sovereign immunity as to suits seeking to recover those benefits).  After reviewing RSA 215-A:41 through :43 in the context of the statutory scheme, we have identified no grant of a right to persons for protection from nuisances caused by OHRV trail-siting decisions.

RSA chapter 215-A governs OHRVs and trails for their use.  See RSA 215-A:2 (2019), :3, I, III, IV-a (2019).  RSA 215-A:42 and :43 set forth the requirements for establishment of a new trail on State land.  See RSA 215-A:42, I, :43, I-III; see also RSA 215-A:41, I (statement of intent regarding State lands).  The Bureau of Trails must evaluate the trail proposal using a two-step process, which includes consideration of, among other things, whether operation of the trail will comply with the maximum legal decibel limit and local planning, zoning, and noise ordinances, and whether the trail would be reasonably compatible with existing uses.  See RSA 215-A:42, I(a), :43, I, II(b), (d), (f)-(g).  However, none of these provisions contains language recognizing a right of nearby property owners or residents to protection from the State from any nuisance created by the trail-siting decision.  See RSA 215-A:41-:43; cf. Brosseau, 124 N.H. at 190-91 (holding that statutes impliedly waived sovereign immunity when statutory language expressly recognized "a right to adequate and humane treatment" (quotation omitted)).  We therefore conclude that RSA 215-A:41-:43 do not waive by reasonable implication sovereign immunity for nuisance claims against the State arising from OHRV trail-siting decisions.

Nor are we convinced by the plaintiffs' arguments to the contrary based upon Mahan v. New Hampshire Department of Administrative Services, 141 N.H. 747 (1997).  Mahan did not involve a waiver of sovereign immunity by reasonable implication; rather, that case involved the State's express waiver of sovereign immunity in RSA chapter 541-B and a judicially-crafted exception to that waiver — discretionary function immunity.  See Mahan, 141 N.H. at 749.

---

[2] We assume, without deciding, that the statutory provisions the plaintiffs rely upon — RSA 215-A:41 through :43 — were applicable to the State's designation of the PRT and Route 2 for OHRV use.

Further, the discussion in <u>Mahan</u> of a statutory duty of care, upon which the plaintiffs rely, was not in the context of our sovereign immunity analysis, but in relation to a separate issue. <u>See</u> <u>id</u>. at 754-55. In short, <u>Mahan</u> is inapposite.

The plaintiffs also contend, relying on <u>Aranosian Oil Co. v. State of New Hampshire</u>, 168 N.H. 322 (2015), that their nuisance claim against the State should not be barred because sovereign immunity does not bar claims in equity that arise from the State's unconstitutional conduct. <u>Aranosian</u> states that "[w]here the plaintiffs seek a declaratory judgment that actions taken by the State are unconstitutional, the court has jurisdiction to grant equitable relief." <u>Aranosian</u>, 168 N.H. at 330 (quotation omitted). However, by its nature, the plaintiffs' nuisance claim was not a request for a declaration that the State acted unconstitutionally; it was an allegation that the State's tortious conduct interfered with the plaintiffs' use and enjoyment of their properties. <u>See</u> <u>Cook v. Sullivan</u>, 149 N.H. 774, 780-81 (2003) (describing plaintiff's burden of proof in private nuisance action). Accordingly, the plaintiffs' reliance on <u>Aranosian</u> is misplaced. <u>See</u> <u>Aranosian</u>, 168 N.H. at 330.

In sum, we conclude that the trial court did not err when it ruled that the plaintiffs' nuisance claim against the State is barred by sovereign immunity. We additionally observe that, on appeal, the plaintiffs appear to assert a separate claim that the State's designation of OHRV trails in Gorham violated RSA chapter 215-A. Such a claim or request for declaratory relief, however, was neither alleged in the complaint nor pursued at trial, and is therefore not properly before us. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).

B. <u>Discretionary function immunity</u>

The plaintiffs next argue that the trial court erred when it granted partial summary judgment to the Town, concluding that the plaintiffs' nuisance claim against it is barred by discretionary function immunity. When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence in the summary judgment record, and all inferences properly drawn from them, in the light most favorable to the non-moving party. <u>See</u> <u>Tarbell Adm'r, Inc. v. City of Concord</u>, 157 N.H. 678, 682 (2008). If our review of the evidence does not reveal any genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the trial court's decision. <u>Id</u>. We review the trial court's application of the law to the facts <u>de novo</u>. <u>Id</u>.

Although we have abrogated the doctrine of municipal immunity generally, we have maintained discretionary function immunity. <u>See</u> <u>Hacking v. Town of Belmont</u>, 143 N.H. 546, 549 (1999). When resolving discretionary function immunity questions, we distinguish between planning or discretionary functions and functions that are purely ministerial. <u>Maryea v. Velardi</u>, 168

5

N.H. 633, 638 (2016). When the conduct that causes the injury is "characterized by [a] high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning," it is discretionary, and the municipality is immune. Hacking, 143 N.H. at 550 (quotation omitted). Ministerial functions, on the other hand, are those that are absolute, imperative, or involve the execution of a set test or implementation of a policy decision. See Maryea, 168 N.H. at 638; Hacking, 143 N.H. at 550.

The municipal conduct at issue here is the Town's "authoriz[ation] [of] the OHRV trail head and trail" in Gorham.[3] We agree with the trial court's conclusion that this conduct involved "weighing alternatives and making choices with respect to public policy[] such that the decision is protected by" discretionary function immunity. (Quotation omitted.) These decisions necessarily involved a consideration of public and private interests for and against OHRV use in Gorham and therefore necessitated "the weighing of competing economic, social, and political factors" characteristic of a discretionary function. Hacking, 143 N.H. at 547, 550 (quotation omitted) (holding that decision whether to have elementary school basketball program is a discretionary function); see also Rockhouse Mt. Property Owners Assoc. v. Town of Conway, 127 N.H. 593, 600 (1986) (observing that decision about whether to lay out certain roads would "require[] the exercise of a high enough order of discretion to justify legal immunity"). For example, the summary judgment record reflects that, before the Town Board of Selectmen approved the proposal to open Route 2 to OHRV traffic, it heard public comments regarding competing economic, social, and political factors, like safety, noise, and the potential economic boon to local businesses. This is the type of policy-related decision we have previously held to be discretionary. See Tarbell, 157 N.H. at 684 (collecting cases in which we have held immunity exists for a municipality's decisions concerning, among other things, the location of parking spaces, the placement of an alleyway, and traffic control). The plaintiffs counter that, under Tarbell, the Town is not entitled to immunity. Tarbell is distinguishable. In that case, we recognized an apparent exception to the doctrine of discretionary function immunity: a municipality is not immune from suit when its use of its own property results in a trespass or nuisance. See Tarbell, 157 N.H. at 688. However, here, the Town does not own the land where the OHRV trails are located. Accordingly, a nuisance claim against the Town cannot lie.

The plaintiffs also argue that the trial court's discretionary function immunity ruling was erroneous in that it contradicted the court's prior order

---

[3] We observe that the State and the Town assume that the Town had the power to "authorize" the State's proposal to site OHRV trails on State land and that the Town could be held liable for such authorization. We therefore assume those propositions to be true for the purposes of this appeal only.

6

denying the Town's motion to dismiss.  However, we do not read the trial court's order on the motion to dismiss as ruling on the issue of discretionary function immunity.  See State v. Surrell, 171 N.H. 82, 88 (2018) ("The interpretation of a trial court order presents a question of law for us to decide.").  We therefore see no contradiction and no error.  In sum, we affirm the trial court's grant of summary judgment to the Town on the plaintiffs' nuisance claim.

IV.     Denial of Damages or Other Relief on Inverse Condemnation Claims

We next turn to the plaintiffs' arguments that the trial court erred by failing to grant them any remedy after concluding that the defendants' conduct constituted a taking of their property.  First, we observe that, in the plaintiffs' opening brief, they raised several challenges to the trial court's calculation of damages and ultimate refusal to award any damages on the plaintiffs' inverse condemnation claims.  At oral argument, however, the plaintiffs' counsel stated that the plaintiffs were no longer pursuing these arguments.  Accordingly, we need not address them.  See State v. Krueger, 146 N.H. 541, 542 (2001) (treating as waived ground for appeal conceded at oral argument).

The plaintiffs nevertheless maintain, relying on DiMinico v. Centennial Estates Cooperative, Inc., 173 N.H. 150 (2020), that the trial court erred when it refused to grant them permanent injunctive relief on their inverse condemnation claims.  In DiMinico, we affirmed the trial court's grant of injunctive relief to remedy the violation of the plaintiff-tenant's right to the quiet use and enjoyment of the leased premises.  See DiMinico, 173 N.H. at 158-59.  That case does not control here, however, because it did not involve a claim of inverse condemnation, see id. at 153, and therefore does not undermine the trial court's reasoning that injunctive relief is not an available remedy for inverse condemnation.  Further, the plaintiff in DiMinico requested injunctive relief, not damages, as a remedy.  See id. at 153, 158.  The plaintiffs here did the opposite: their complaint requested damages, not an injunction, relative to their inverse condemnation claims.  Indeed, the plaintiffs expressly disclaimed a request for injunctive relief in a pretrial pleading by stating that "[i]nverse condemnation is not a basis for injunction nor have plaintiffs made such an argument."  Cf. Milliken v. Dartmouth-Hitchcock Clinic, 154 N.H. 662, 669-70 (2006) (finding appellate issue waived because trial counsel conceded the issue).

Lastly, the plaintiffs take issue with the following statement at the end of the trial court's damages order: "The decision to close the trail and prohibit OHRVs from being used in Gorham is a political matter ultimately and therefore beyond the constitutional role of the court."  Read in the context of the court's comprehensive damages order and the litigation as a whole, we read this statement as a reference to the court's earlier rulings that the defendants are immune from liability on the plaintiffs' nuisance claims, for which the

plaintiffs sought injunctive relief. See, e.g., Maryea, 168 N.H. at 637 (observing that "discretionary function immunity was meant to limit judicial interference with legislative and executive decision-making" and that it "is fundamental to our system of separation of powers" (quotations omitted)); Chase, 162 N.H. at 731 (discussing sovereign immunity as a limitation on judicial power to enter judgments against the State). In any case, the trial court's statement was unnecessary to its decision, and we are therefore not convinced it constitutes reversible error.

V.      Attorney's Fees and Costs

Finally, we address the plaintiffs' challenges to the trial court's denial of their requests for attorney's fees and costs: (1) after the court's merits ruling; and (2) at the time of the court's damages ruling. We review the trial court's denial of attorney's fees and costs under our unsustainable exercise of discretion standard. See Arcidi v. Town of Rye, 150 N.H. 694, 704 (2004) (attorney's fees); Van Der Stok v. Van Voorhees, 151 N.H. 679, 686 (2005) (costs).

Both of the plaintiffs' requests for attorney's fees were based upon the allegation that the defendants engaged in bad faith conduct. See Harkeem v. Adams, 117 N.H. 687, 690-91, 692-93 (1977). On appeal, the plaintiffs argue that the defendants' bad faith is illustrated primarily by their lack of genuine efforts to resolve this dispute and the "blizzard" of pleadings they filed. We are unpersuaded. The plaintiffs have not cited specific evidence in the record supporting their allegations of bad faith conduct. To the contrary, the record reflects that the defendants took voluntary steps during the course of the litigation to mitigate the impact of OHRV use in Gorham, including treating portions of the trails to reduce dust and closing the Route 2 parking lot. As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's orders on attorney's fees, the plaintiffs' arguments on this issue, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id.

We also affirm the trial court's denial of costs. See Super. Ct. R. 45(a) ("Costs shall be allowed as of course to the prevailing party . . . ."). The plaintiffs have not adequately developed an argument as to why the court erred

8

in denying their requests for costs.  We therefore deem this argument waived.  <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

<u>Affirmed</u>.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.

**Timothy A. Gudas,<br>Clerk**